IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANKLIN D. ANTILL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID PASKETT, TOM )<br>BEAUCLAIR, and GREGG )<br>FISHER, )<br>)<br>Defendants. )<br>_____ ) | Case No. CV-01-555-S-BLW<br><br>**ORDER** |

In the Court's previous Order it conditionally granted Plaintiff's Motion to Reopen the Case, and ordered Defendants to file a response to the Motion. Defendants requested that the Court review their response to a Motion for Order to Show Cause that Plaintiff filed in his related action, CV06-501,C-EJL. Having reviewed Defendants' response in the related action, the Court has determined that Plaintiff's Motion to Reopen the present action is without merit, and the case will be closed.

**ORDER  1**

## BACKGROUND

Plaintiff filed this lawsuit in 2001, and the parties subsequently entered into a settlement agreement in October of 2003. *See Joint Stipulation for Dismissal*, Docket No. 21. The parties agreed to a dismissal with prejudice of Plaintiff's claims against the IDOC Defendants. The Court entered an Order of Dismissal, accepting the parties' Joint Stipulation as presented to the Court. *Order of Dismissal,* Docket No. 22.

Plaintiff claims that he was issued DORs in order to justify his transfer from the Idaho Correctional Institution at Orofino (ICI-O) to the Idaho Maximum Security Institution (IMSI). He alleges that the actions of Defendants were evidence of retaliation against him.

Defendants filed a response to the Motion for Order to Show Cause in Plaintiff's related action, indicating that Plaintiff was transferred to IMSI for legitimate security concerns. Defendants also argued that Plaintiff is currently pursuing a retaliation claim containing the same allegations as set forth in the present action. *See CV06-501-S-EJL, Complaint, Docket No. 3*.

## DISCUSSION

Plaintiff's Motion to Reopen the Case was based on his assertion that Defendants' were in contempt of the parties' settlement agreement. In *Kokkonen v.*

**ORDER  2**

*Guardian Life Insurance Company*, 511 U.S. 375, 380-81, 114 S. Ct. 1673, 1676 (1994), the Supreme Court held that a federal district court lacks jurisdiction to enforce a settlement agreement terminating a federal court litigation unless the court "expressly retained jurisdiction to enforce the settlement agreement" or "incorporated the terms of the settlement into the dismissal order."  Because "enforcement of a settlement agreement 'is more than just a continuation or renewal of the dismissed suit,'" it "'requires its own basis for jurisdiction.'" *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997)(citing *Kokkonen*, 511 U.S. at 378-80, 114 S. Ct. at 1675-76).   Ancillary jurisdiction may exist if the district court retains jurisdiction to enforce the settlement agreement.  511 U.S. at 381, 114 S. Ct. at 1677.  The Ninth Circuit has held that "an order which is merely "'based on' a settlement agreement . . . is insufficient to create ancillary jurisdiction." *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995).[1]

Plaintiff has failed to show that the Court has jurisdiction over the subject matter of his request.  The parties' settlement agreement was not made a court order, nor was it incorporated by reference into a court order.  The Order of

---

[1] The Order of Dismissal in *O'Connor v. Colvin*, which was deemed insufficient to establish ancillary jurisdiction, read: Based on the Settlement Agreement amongst the parties, this Stipulation for dismissal amongst the parties, and for good cause: IT IS HEREBY ORDERED that the Action including all cross-claims and counterclaims is dismissed in its entirety with prejudice." 70 F.3d at 532.

**ORDER  3**

Dismissal in this matter provides only that Plaintiff's action was dismissed with prejudice.  Therefore, the Court did not retain jurisdiction to enforce the terms of the settlement agreement.

Plaintiff's allegations of retaliation and failure to follow the parties' settlement agreement are being pursued in case number CV-06-501-S-EJL.  Therefore, this action will be closed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen the Case is (Docket No. 23) is DENIED.  This action will be closed, and Plaintiff shall file no further motions.



DATED:  **April 8, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER  4**